UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
PHH MORTGAGE CORPORATION,                               :
                                                        :              25 Civ. 8670 (PAE)
                                   Plaintiff,           :
                                                        :                  ORDER
                     -v-                                :
                                                        :
ELLEN WHITE *et al.*,                                   :
                                                        :
                                   Defendants.          :
                                                        :
------------------------------------------------------------------------:
                                                        X

PAUL A. ENGELMAYER, District Judge:

On December 1, 2025, the Court issued an order to show cause why this action should

not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41.  Dkt. 17.  On

December 2, 2025, plaintiff obtained certificates of default from the Clerk of Court as to all

defendants: Ellen White, the New York City Environmental Control Board, the New York City

Parking Violations Bureau, and the New York City Transit Adjudication Bureau.  Dkts. 24–27.

On December 15, 2025, plaintiff moved for default judgment, submitting a memorandum of law,

supporting declaration, and numerous exhibits.  Dkts. 30–34.  On December 17, 2025, the Court

issued an order to show cause, indicating that if defendants wished to oppose the motion for

default judgment, they must file an opposition on ECF, explaining why a default judgment is not

warranted, by January 8, 2026.

On January 7, 2026, defendant Ellen White, *pro se*, filed a motion for an extension of

time, representing that "[t]he property that is subject to this foreclosure action is currently under

contract of sale and . . . [t]he closing date for the sale of the property is scheduled for January 29,

2026."  Dkt. 37 at 8–9.  White further stated that "If this foreclosure proceeds before closing date

1

2

I will suffer irreparable harm including the loss of my home and the loss of the pending sale."

*Id.* at 8.  As support, White supplied an amendment to a contract of sale, which represented that

the "parties agree to amend the closing date to be at 11am on January 29, 2026,". . .  "time being

of the essence."  Dkt. 37-1 at 1 (cleaned up).  Because a limited extension would enable this

action to proceed without prejudice to plaintiff, and a "district court should grant a default

judgment sparingly and grant leave to set aside the entry of default freely when the defaulting

party is appearing *pro se*," the Court extends defendants deadline to oppose default judgment to

February 2, 2026.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: January 8, 2026
         New York, New York

2